# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TONY HICKS,<br>Plaintiff, | :: :: | CIVIL ACTION NO.<br>1:09-CV-03156-TCB |
| v. | :: :: :: | |
| MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br>Defendant. | :: :: :: :: | SOCIAL SECURITY<br>42 U.S.C. § 405 |

## ORDER AND OPINION

Plaintiff, Tony Hicks, has submitted this *pro se* action [1], apparently seeking relief under 42 U.S.C. § 405. Plaintiff has been granted *in forma pauperis* status [5]. The matter is now before the Court for an initial screening.

### I. 28 U.S.C. § 1915(e)(2) Review

A federal court "shall dismiss" an *in forma pauperis* action "at any time if the court determines that" the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A complaint is frivolous when it "has little or no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)

(internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, _ U.S. _, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted).

## II. The Complaint

Plaintiff has filed a complaint [2] and two motions for a hearing [3, 4]. He appears to seek a lump sum "settlement" of several thousand dollars with respect to the SSI (supplemental security income) that he allegedly has been receiving for

approximately ten years. (Compl. [2] at 3.) He also seeks a "formal hearing" for his "social case in the Atlanta Ga. area." (Mot. [4] at 2.)

### III. Disposition

The basis upon which Plaintiff initiated this action is largely indecipherable. If he has a claim against the Social Security Administration based on his failure to receive his allocated SSI benefits, he has not provided the Court with sufficient information to allow such a claim to proceed. Accordingly, the Court finds that Plaintiff has failed to state a claim on which relief may be granted, and this action is **DISMISSED**. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED** this 16th day of December, 2009.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

3